Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
GLORIA PAVLOVICH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA PAVLOVICH<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>Defendant. | Case No. '17CV2136 L    WVG<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff GLORIA PAVLOVICH alleges as follows:

## INTRODUCTION

1. Plaintiff GLORIA PAVLOVICH (hereinafter referred to as "Plaintiff"), brings this lawsuit against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter "Defendant") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA").

2. Plaintiff brings this action to seek actual damages, statutory damages, Attorney's fees and costs, and other relief the Court deems appropriate.

## PARTIES

3. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

4. Plaintiff is a consumer as defined by 15 U.S.C. section 1692a(3) and a debtor as that term is defined by California Civil Code section 1788.2(h).

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at all times mentioned herein was, a business entity, who was conducting and engaging in business in the County of San Diego, California.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. section 1692a(6).

7. Plaintiff is informed and believes, and thereupon alleges that Defendant is a debt collector as defined under Civil Code section 1788.2(c).

8. Defendant attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

9. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of the FDCPA and

Rosenthal FDCPA. Because Defendant does business within the County of San Diego, State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. section 1391.

### RELEVANT FACTS

13. On or about March 18, 2016, Plaintiff's counsel sent a letter to Defendant informing them that Plaintiff was represented by his office and that all communications should be addressed to Plaintiff's counsel. Plaintiff's counsel also disputed the debt and requested a verification of the alleged debt. A copy of Plaintiff's counsel March 18, 2016 letter is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

14. On or about December 2, 2016, Plaintiff obtained her credit report from Equifax. The Equifax credit report indicated that Defendant reported the alleged debt to Equifax on November 8, 2016, but failed to report that the debt was disputed.

15. On or about December 2, 2016, Plaintiff obtained her credit report from Experian. The Experian credit report indicated that Defendant reported the alleged debt to Experian on November 8, 2016, but failed to report that the debt was disputed.

16. Sometime after January 30, 2017, despite having actual knowledge that Plaintiff was represented by an attorney, Defendant sent a collection letter directly to Plaintiff in attempt to collect $336.12. A copy of Defendant's January 30, 2017 collection notice is attached hereto as **Exhibit 2**, and is incorporated herein by reference.

### FIRST CAUSE OF ACTION
**(Violation of the FDCPA against all Defendant)**

17. Plaintiff re-alleges paragraphs 1 through 16, above, as if fully set forth herein.

### COUNT 1

18. Pursuant to 15 U.S.C. section 1692e(8), a debt collector cannot communicate or threaten to communicate to any person credit information which is

known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. In other words, a debt collector who reports a debt to the credit bureaus without reporting that the debt is disputed violates 15 U.S.C. section 1692e(8). *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 66 (1st Cir. 1998); *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); *Sayles v. Advanced Recovery Systems, Inc.,* 2017 WL 2872343 (5th Cir. 2017).

19. Defendant violated 15 U.S.C. section 1692e(8) because it failed to communicate to the credit bureaus (*e.g*. Equifax and Experian) that Plaintiff's debt was disputed, even though Plaintiff's counsel had informed Defendant in writing that Plaintiff was disputing the debt.

**COUNT 2**

20. Pursuant to 15 U.S.C. section 1692c(a)(2), a debt collector cannot communicate with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

21. Defendant violated 15 U.S.C. section 1692c(a)(2) by directly communicating with Plaintiff in an attempt to collect a debt, despite knowing that Plaintiff was represented by an attorney. Specifically, it mailed to Plaintiff a collection notice, dated January 30, 2017 sometime after January 30, 2017 even though Plaintiff was represented by an attorney.

22. As a result of each and every violation of the FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

23. As a result of each and every violation of the FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

24. As a result of each and every violation of the FDCPA, Plaintiff is entitled

to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## SECOND CAUSE OF ACTION
### (Violation of the FDCPA against all Defendants)

25. Plaintiffs re-allege paragraphs 1 through 24, above, as if fully set forth herein.

26. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

### COUNT 1

27. Defendant violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692c(a)(2) and 1692e(8).

### COUNT 2

28. Defendant violated California Civil Code section 1788.14(c) because it contacted Plaintiff beyond statements of the account, after being directly notified in writing by Plaintiff's attorney to stop contacting Plaintiff.

29. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

30. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section

1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;
2. For statutory damages;
3. For interest according to law;
4. For attorneys' fees under the Rosenthal FDCPA;
5. For costs of suit herein incurred; and
6. For other and further relief as the court may deem proper.

DATED:   October 17, 2017

**MASHIRI LAW FIRM**
A Professional Corporation

By: /s/Alex Asil Mashiri
    Alex Asil Mashiri
    Attorney for Plaintiff,
    GLORIA PAVLOVICH